UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

        Petitioner,

v.                                                                                         Case No. 24-cv-1083-bhl

STEVEN JOHNSON, Warden,
Milwaukee Secure Detention Facility,

        Respondent.

## SCREENING ORDER

Petitioner Tyrone Davis Smith, a state prisoner currently incarcerated at Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 26, 2024. (ECF No. 1.) The Court reviewed Smith's petition and ordered the petitioner to file an amended petition on the Court's local form. (ECF No. 6.) After being granted an extension, Smith complied with the Court's Order on September 30, 2024. (ECF No. 8.) Petitioner also filed a motion to hold proceedings in abeyance. (ECF No. 9.) Rule 4 of the Rules Governing Section 2254 Cases, requires the Court to screen Smith's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Davis*, Milwaukee County Case Number 2006CF006287 available at https://wcca.wicourts.gov. (ECF No. 8 at 2.) The Court has reviewed the publicly

available docket for that case and the Wisconsin Court of Appeals' decision affirming Smith's judgment of conviction. *See State v. Davis*, No. 2008AP814-CR, 2009 WL 590166 (Wis. Ct. App. Mar. 10, 2009). These records show that a jury found Smith guilty first-degree sexual assault of a child and the circuit court sentenced him to a fifteen-year term of imprisonment, bifurcated as ten years of initial confinement and five years of extended supervision. *Id.* at *1; ECF No. 8 at 2–3. The Wisconsin Supreme Court denied review on July 15, 2009. (ECF No. 8 at 3.) *See also* https://wcca.wicourts.gov/caseDetail.html?caseNo=2006CF006287&countyNo=40&mode=details (last visited 11/4/24).

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. Smith's conviction because "final," and his one-year limitations period began to run on October 13, 2009—90 days after the Wisconsin Supreme Court denied review. He had one year from the date the judgment became final to file his federal habeas petition, and to be timely filed under Section 2244(d)(1)(A), Smith was required to file his petition on or before October 13, 2010. The Court received Smith's petition on August 28, 2024, more than 13 years after the statute of limitations expired. It therefore appears that Smith's petition is untimely. Smith claims in his petition that he filed a motion for post-conviction relief on June 26, 2019, ECF No. 8 at 4, but this would have been after the statute of limitations had expired. *See* 28 U.S.C. § 2244(d)(2).

While it appears that Smith's petition is untimely, it may be possible (albeit unlikely) that Smith could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Smith could show that he is entitled to equitable tolling. *See Gladney v. Pollard*, 799 F.3d 889, 895–96 (7th Cir. 2015); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the petition as untimely, the Court will allow Smith forty-five days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Smith fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

On September 30, 2024, Smith also filed a Motion to Hold Proceedings in Abeyance, requesting the Court to hold the proceedings in abeyance for 45-days because he is awaiting purchased copies of "judgments/decisions/orders" from both the state and federal courts. (ECF No. 9 at 1–2.) The Court is now providing Smith an additional 45-days to explain why his claims are not barred by Section 2254, and therefore, the Court will deny Smith's motion as moot.

Accordingly,

**IT IS ORDERED** that Smith's Motion to Hold Proceedings In Abeyance, ECF No. 9, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that, within **45 days of the date of this order**, Smith shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Smith fails to respond within 45 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on November 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge