UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

        Petitioner,

v.                                                                    Case No. 24-cv-1083-bhl

STEVEN JOHNSON, Warden,
Milwaukee Secure Detention Facility,

        Respondent.

## ORDER

On August 26, 2024, Petitioner Tyrone Davis Smith, a state prisoner currently incarcerated at the Milwaukee Secure Detention Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court reviewed Smith's petition and ordered him to file an amended petition using the Court's local form. (ECF No. 4.) After being granted an extension, Smith complied and filed an amended petition on September 30, 2024. (ECF No. 8.) The Court screened the amended petition and noted that it appeared untimely, given Section 2254's one-year statute of limitations; Smith's conviction was affirmed by the Wisconsin Court of Appeals on March 10, 2009, *over 15 years ago*. (ECF No. 11 at 2.) The Court nevertheless allowed Smith the chance to explain why his claims were not time-barred. (*Id.*) He has since filed a "motion to show cause" in which he contends the Court should consider his petition on the merits notwithstanding the date that his conviction was affirmed. (ECF No. 12.) He explains that his current petition is actually his second attempt to seek habeas relief. (*Id.* at 1–2.) Recognizing that a second, successive petition is generally not allowed, Smith argues he should be allowed to pursue his latest petition because of an intervening state court amendment to his original judgment of conviction. (*Id.* at 1–3.) Contrary to Smith's contentions, the record confirms that Smith's latest petition is an improper successive petition, and the Court will therefore dismiss it under both Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(b)(3)(A).

# ANALYSIS

In 2007, a jury convicted Smith of one count of first-degree sexual assault of a child. *State v. Smith*, No. 2008AP814-CR, 2009 WL 590166, at *1 (Wis. Ct. App. Mar. 10, 2009); (ECF No. 12-1 at 103). He was sentenced to ten years of initial confinement and five years of extended supervision. *Id.* Smith's conviction was affirmed on direct appeal. *Id.* at *1; (ECF No. 12-1 at 102). Over the next decade, Smith brought several postconviction motions, including a July 24, 2009 petition for writ of habeas corpus in this Court. *See Smith v. Jenkins,* No. 09-cv-0725-rtr (E.D. Wis.); (ECF No. 12-1 at 4–13). On March 21, 2011, Judge Randa denied that petition on the merits and declined to enter a certificate of appealability. *Id.*; (ECF No. 12-1 at 12).

In 2019, the Wisconsin Department of Corrections asked the circuit court to review Smith's original judgment of conviction because the judgment incorrectly listed Wis. Stat. §948.02(1) as his offense of conviction. *State v. Smith*, No. 2019AP1125, 2021 WL 8566753, at *1 (Wis. Ct. App. Jan. 20, 2021); (ECF No. 12-1 at 57). At the time of Smith's conviction, that statute required a mandatory minimum of twenty-five years of confinement, which was inconsistent with Smith's actual sentence and thus appeared to be a mistake. *Id.* The circuit court agreed, and on February 5, 2019, ordered that Smith's judgment be amended to reflect the correct statute governing his conviction, Wis. Stat. §948.02(1)(e). *Id.* An amended judgment was then entered. *Id.* Smith appealed from the order amending his judgment, arguing that the circuit court should have given him a chance to be heard before correcting the error. *Id.* The court of appeals rejected his appeal, concluding that the court acted properly in not waiting for Smith to weigh in on what was a "minor" and technical correction that "did not alter the crime Smith was convicted of committing or increase his punishment." *Id.* The appellate court also noted that it had flagged this issue during Smith's direct appeal at which time it explained that the "incorrect statutory cite was a harmless technical error that did not prejudice Smith." *Id.* citing *State v. Smith*, No. 2008AP814-CR, 2009 WL 590166, at *1, n.1 (Wis. Ct. App. Mar. 10, 2009).

Based on the technical amendment to his judgment, Smith now seeks to file a second habeas petition. (ECF No. 12 at 1.) He cites two cases, *Magwood v. Patterson*, 561 U.S. 320, 321 (2010) and *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999), in support of his contention that he should be allowed a second petition. Neither case helps him.

In *Magwood*, the Supreme Court held that a habeas petitioner can seek habeas relief in a second petition in limited circumstances. 561 U.S. at 323–24. The petitioner had filed his first

federal habeas petition after his conviction for murder and death sentence were affirmed by the state courts. *Id.* at 323. After the district court conditionally granted the writ, mandating that he be released or resentenced, the state court conducted a new sentencing hearing and again imposed the death penalty. *Id.* The petitioner then filed a second habeas petition, which the district court again granted, finding constitutional defects in the new sentence. *Id.* The Eleventh Circuit reversed the district court concluding "that [the petitioner's] challenge to his new death sentence was an unreviewable 'second or successive' challenge under 28 U.S.C. §2244(b) because he could have mounted the same challenge to his original death sentence." *Id.* The Supreme Court reversed, holding that the petitioner's "resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Id.* at 331. The Supreme Court reasoned that it was "especially clear" that the petitioner was challenging a new judgment because "the state court conducted a full resentencing and reviewed the aggravating evidence afresh." *Id.* at 339. Thus, the Supreme Court held that a collateral sentencing challenge is not successive if it follows an earlier successful petition for resentencing. *Id.*

In *In re Page*, the Seventh Circuit directed a district court to dismiss a second-in-time petition as successive. 170 F.3d 659, 660–62, *opinion supplemented on denial of rehearing en banc*, 179 F.3d 1024 (7th Cir. 1999). The petitioner argued his second petition was not successive because it was premised on a change in state law that occurred after his first petition. *Id.* The Court of Appeals disagreed and held that even when a claim raised by the petitioner was not ripe at the time of the first petition, where the first petition is disposed of on its merits, "[a] district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.* at 661 (citation omitted). In the opinion denying rehearing *en banc*, the Court of Appeals further explained that the second petition was an improper successive petition because it attacked the prisoner's original judgment, the same judgment attacked by his first habeas petition. *In re Page*, 179 F.3d at 1025. The fact that caselaw had changed between the petitions did not mean the second petition was not successive. *In re Page*, 170 F.3d at 661–62; *see also In re Page*, 179 F.3d at 1025 (7th Cir. 1999) (rejecting the argument "that if there is a *reason* for filing a second petition—a reason why the claim could not have been included in the first petition—then the second petition is really a first petition") (emphasis in original).

Smith's second petition is more like the dismissed second petition in *Page* than the second petition in *Magwood*. As in *Page*, Smith's first habeas petition was dismissed on the merits and he then filed a second petition attacking the same judgment that was at issue in his earlier petition. And, unlike the petitioner in *Magwood*, Smith was not the subject of a second sentencing hearing between his two petitions. The only change between his two petitions is an amendment to his original state court judgment that corrected a technical error that had been flagged on his direct appeal and was thus known to Smith at the time of his original petition. And, as the state court noted, the change had no effect on Smith's conviction or sentence.

Moreover, any new grounds Smith purports to raise in his second petition are frivolous. In grounds one and two of his latest petition, Smith argues that the circuit court violated his due process and equal protection rights by "resentencing Smith via" an amended judgment. (ECF No. 8 at 6.) He also claims the violation resulted in an "erroneous sentence of mandatory minimum of 25 years." (*Id.* at 7.) Both contentions are factually baseless. Smith was not resentenced, and his sentence did not change. The circuit court's mere technical correction of an error does not constitute a constitutional deprivation of rights. *See, e.g., Kimble v. Smith,* No. 06-C-1321, 2007 WL 2758050, *1 (E.D. Wis. Sept. 21, 2007) ("the correction of a clerical error in the judgment is not a 'critical stage' which triggers the constitutional right to be heard") (citing *United States v. Portillo*, 262 F.3d 1161, 1166 (11th Cir. 2004) (defendant's absence when the court corrects clerical or ministerial mistake does not rise to deprivation of due process)). Smith's third ground for relief seeks to raise ineffective assistance of counsel claims that were either previously adjudicated or are now time-barred. (ECF No. 8 at 8.) Smith's claim that his trial counsel provided ineffective assistance was raised in his first habeas petition and rejected by Judge Randa. *See Jenkins,* No. 09-cv-0725-rtr, at pp 15–17; (ECF No. 12-1 at 8–10). Smith also raises a claim of ineffectiveness by his appellate counsel, but as Smith acknowledges, his 2015 *Knight* petition was rejected by the Wisconsin Court of Appeals on August 24, 2016. (ECF No. 12 at 22; ECF No. 12-1 at 47–51.) The Wisconsin Supreme Court denied review on January 12, 2017, over 8 years ago, making any attempt to assert that claim on federal habeas untimely. (ECF No. 12-1 at 52.) Moreover, this "new" ineffective assistance claim has nothing to do with the amendment to his judgment, the hook on which Smith seeks to secure his attempt at a second petition.

Smith cannot rely on the amended judgment to avoid §2244(b)'s "second or successive" bar. As a result, he was required to obtain authorization from the Seventh Circuit before filing the

instant petition. *See In re Page*, 170 F.3d at 661 (because Section 2244(b)(3)(A) vests subject matter jurisdiction in the court of appeals, the district court must dismiss any second or successive petition); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Therefore, the Court finds that the petition is an unauthorized second petition and will be dismissed, without prejudice, for lack of jurisdiction. This Order does not preclude the petitioner from trying to obtain permission from the Seventh Circuit to file a second or successive petition.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district judge must either issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If a certificate is issued, the court must state the specific issue or issues that satisfy 28 U.S.C. §2253(c)(2). A certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Court finds that reasonable jurists would not debate the dismissal of the petitioner's unauthorized second petition, the Court declines to issue a certificate of appealability. *Id.*; 28 U.S.C. §2253(c).

Accordingly,

**IT IS ORDERED** that the amended petition for writ of habeas corpus, ECF No. 8, is **DENIED and dismissed without prejudice** as an unauthorized second petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

The Clerk of Court is directed to enter judgment for this matter.

Dated at Milwaukee, Wisconsin on January 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge