UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

                Petitioner,

v.                                                                        Case No. 24-cv-1083-bhl

STEVEN JOHNSON, Warden,

                Respondent.

## DECISION AND ORDER

        Petitioner Tyrone Davis Smith is proceeding *pro se* in this 28 U.S.C. § 2254 case. On January 17, 2025, the Court dismissed Smith's petition without prejudice and entered judgment. (ECF Nos. 13 & 14.) The Court explained that it had denied a previous petition for writ of habeas corpus that Smith had filed in 2009. (ECF No. 13 at 2.) As a result of the earlier denial, Smith was required to obtain authorization from the Seventh Circuit before filing his latest petition. (*Id.* at 4–5 citing 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")). Because he had not received court of appeals' permission, this Court was required to dismiss his petition. (*Id.*) On February 3, 2025, Smith filed a motion to alter or amend the judgment. (ECF No. 15.) The Court will deny the motion.

        Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Smith disagrees with how the Court applied the law to the facts of his case. But, because

it is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion, the Court will deny his motion to alter or amend the judgment.

**IT IS THEREFORE ORDERED** that Smith's motion to alter or amend the judgment, ECF No. 15, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge